## IN THE UNITED STATES DISTRICT COURT FOR
## THE WESTERN DISTRICT OF OKLAHOMA

JOHN CLINE, ET AL.,         )
                              )
           Plaintiffs,     )
                              )
vs.                        )        NO. CIV-11-1136-HE
                              )
BLACKMON MOORING OF   )
OKLAHOMA CITY, INC., ET AL., )
                              )
          Defendants.   )

## ORDER

Plaintiffs originally filed this action in state court and the defendants removed it to this court. Pending before the court is plaintiffs' motion to remand [Doc. #18] and defendant Blackmon Mooring of Oklahoma City, Inc.'s ("Blackmon") motion to compel arbitration [Doc. #22]. The court concludes it does not have subject matter jurisdiction over the action because the plaintiffs and defendants are not completely diverse. The case must therefore be remanded, leaving the motion to compel arbitration for resolution by the state court.

It is undisputed that plaintiffs and defendant Blackmon are citizens of Oklahoma. Thus, Blackmon's presence in the suit would ordinarily bar defendants from removing the action to federal court. *See* 28 U.S.C. § 1441(b)(2) (prohibiting removal when there is a forum-state defendant); McPhail v. Deere & Co., 529 F.3d 947, 951 (10th Cir. 2008) (noting the complete diversity requirement). Nevertheless, Allstate Indemnity Company ("Allstate")—an Illinois domiciliary—asks the court to sever plaintiffs' claims against

Blackmon and remand them to state court while retaining jurisdiction over the claims against it. Allstate contends the court has discretion to do this under Fed. R. Civ. P. 21 or, alternatively, the "procedural misjoinder" doctrine.

Fed. R. Civ. P. 21 vests the court with broad discretion to "sever any claim against any party" in the interest of justice. Allstate argues the court should exercise this discretion because of the arbitration agreement between plaintiffs and Blackmon. However, neither of the cases cited by Allstate support the proposition that the existence of an alleged agreement to arbitrate, applicable to one of multiple defendants, is a basis for ignoring diversity which would otherwise exist or for creating that diversity by severing claims. The court declines to so apply Rule 21 on the present showing.

Alternatively, Allstate urges the court to adopt the doctrine of procedural misjoinder, also referred to as fraudulent misjoinder, and dismiss plaintiffs' claims against defendant Blackmon on that basis.[1]  Generally speaking, procedural misjoinder occurs when a state court plaintiff asserts claims against a diverse defendant and joins an *unrelated* claim against a non-diverse or forum-state defendant, thus precluding removal. *See generally* Lafailier v. State Farm Fire & Cas. Co., 391 Fed. Appx. 732, 739 (10th Cir. 2010) (unpublished order

---

[1] *This concept is different from the more familiar "fraudulent joinder," which is ordinarily understood to refer to situations where a plaintiff asserts a claim against a defendant when no reasonable basis for the claim exists. See* Dodd v. Fawcett Publications, Inc., *329 F.2d 82, 85 (10th Cir. 1964). In such circumstances, the fraudulently joined party is ignored in determining diversity jurisdiction.*

and judgment).[2]  The Eleventh Circuit has recognized this, at least where the misjoinder is "egregious," as a type of fraudulent joinder.  It affirmed the district court's order severing the claims against the non-diverse defendants from the claims against the diverse defendants and remanding the former while exercising jurisdiction over the latter.  *See* Tapscott v. MS Dealer Serv. Corp., 77 F.3d 1353, 1360 (11th Cir. 1996) (abrogated on other grounds by Cohen v. Office Depot, Inc., 204 F.3d 1069, 1072 (11th Cir. 2000)).  The Tenth Circuit, per Lafailier, *supra*, has discussed but not adopted the doctrine.  The ultimate resolution of questions as to its validity and application will necessarily require determination of a variety of difficult issues of statutory construction, policy concerns, and otherwise.[3]  The court concludes it need not undertake that task here, however, as the doctrine would not save jurisdiction in this case even if it applied.

Parties may be joined as defendants if the claims against them arise out of the same transaction or occurrence and share a common question of law or fact.  *See* Fed. R. Civ. P. 20(a)(2); 12 Okla. Stat. § 2020(A)(2).[4]  Plaintiffs' claims in this lawsuit arise out of a fire that

[2]*The same principle applies when diverse plaintiffs join unrelated claims against a defendant who is domiciled in the same state as one of the plaintiffs.  In either situation, complete diversity is destroyed by the joinder of unrelated claims.*

[3]*See generally Laura J. Hines & Steven S. Gensler, Driving Misjoinder: The Improper Party Problem in Removal Jurisdiction, 57 Ala. L. Rev. 779 (2006).  The fact that Congress has specifically addressed these issues over the years, sometimes providing that a "separable controversy" may exist in the removal context and at other times limiting or eliminating the concept, see id. at 785-88, would seem to counsel caution in fashioning judge-made doctrines in this area.*

[4]*The court concludes the outcome would be the same under either the Federal Rules of Civil Procedure or the Oklahoma Pleading Code.  It is therefore unnecessary to determine which*

allegedly occurred on October 4, 2009. Petition [Doc. #1-1]. According to the petition, the plaintiffs' house was damaged in a fire while they were out of town. After learning of this, plaintiffs contacted their insurer, Allstate, and reported the fire. Allstate allegedly recommended that plaintiffs hire Blackmon to retrieve some of plaintiffs' personal property from the house and store or restore it. *Id.* ¶ 12. Thereafter, plaintiffs allege Blackmon's employees either lost or stole personal property they retrieved. *See generally id.* ¶¶ 32-35. Additionally, the petition alleges that Allstate was not diligent in investigating the claim, that it unreasonably delayed payment of the claim, and that it was negligent in recommending Blackmon to the plaintiffs. *See generally id.* ¶¶ 17-22.

At least some of plaintiffs' claims against Allstate and Blackmon arise out of the same transaction. In order to hold Allstate liable for recommending Blackmon, plaintiffs will have to prove that it suffered injury as a result of the recommendation. This will necessarily involve proof of plaintiffs' claims against Blackmon. Other common factual disputes, such as whether particular property even existed, may be present as well.[5]

As plaintiff's claims do not appear to have been improperly joined, Blackmon is a proper party and diversity is lacking. Plaintiffs' motion to remand [Doc. #18] is therefore

---

*set of rules might apply if the circumstances were otherwise.*

[5]*The petition alleges that plaintiffs lost property for which neither Allstate, per the insurance policy, nor Blackmon compensated them. As Allstate suggests in the removal petition [Doc. #1] that the cause of the fire was arson (and, oddly, paid the claim anyway), a common factual dispute may exist as to whether plaintiffs even owned or possessed the particular property claimed to have been destroyed or stolen.*

**GRANTED.**  The case is remanded to the District Court of Oklahoma County, Oklahoma.

Defendant Blackmon's motion to compel arbitration [Doc. #22] remains for adjudication in

that court.

     **IT IS SO ORDERED**.

     Dated this *27th* day of January, 2012.

                          JOE HEATON
                          UNITED STATES DISTRICT JUDGE